and delivered them to a Mr. Taylor, to keep till the sale, who, with the consent of George Calvert, the landlord, hired them to one Farrell, to go to Washington, in the District of Columbia. Farrell took them to Alexandria, and put them up in the stable of defendant, William B. Stewart, an innkeeper, where they were attached on the 15th of January, 1834, for a debt due by Delaplaine to Lambert & McKensie; and the plaintiff replevied them in the present action.

Upon the trial, THE COURT (nem. con.), upon the motion of the defendant's counsel, Mr. Neale, instructed the jury that the plaintiff cannot recover upon the issue of non cepit, unless he satisfies them, by evidence, that the defendant, actually or constructively, took the property from the actual or constructive possession of the plaintiff. Mr. Neale also moved the court to instruct the jury, in effect, that by the hiring out of the property, and suffering it to be carried out of the state of Maryland, the plaintiff lost his lien, and could not now, here, maintain replevin upon it. Which instruction, THE COURT (CRANCH, Chief Judge, contra) refused to give.

CRANCH, Chief Judge, thought, that by hiring out the property, and suffering it to be taken out of the state of Maryland, the plaintiff lost his lien; that his action of replevin admits that he lost the possession, and that with the possession his lien ceased. That the distress was, in its nature, a local remedy, confined to the territory and jurisdiction of Maryland, and which could not be enforced here. At first, without recollecting the statute (11 Geo. II. c. 19, § 19), he thought that the plaintiff, by hiring out the distress, and sending it out of the county and state, was a trespasser ab initio, and could not justify under the distress; but upon recollecting that statute, he retracted that part of his opinion; but still held, that although trespass may be maintained upon possession alone, yet replevin cannot without a title either general or special. See Williamson v. Ringgold (in this court, at May Term, 1830) [Case No. 17,755]; Meany v. Head [Case No. 9,379], Mr. Justice Story's opinion; Stat. 52 Hen. III. c. 4; 2 Bac. Abr. tit. "Distress," D.; Gilb. Repl. 157, 164; Gardner v. Campbell, 15 Johns. 401; 2 Wheat. Selwyn, N. P. 896.

Mr. Taylor, for plaintiff, cited Com. Landl. & Ten. 410.

Mr. Neale, for defendant, cited 3 Bl. Comm. 12; Bradb. Dis. 240; Whitaker, Lien, 68, 69; Palcy, Ag. 224–230, 234–237; Shannon v. Shannon, 1 Schouler & L. 324; Dod v. Monger, 6 Mod. 215; Sweet v. Pym, 1 East, 4.

Verdict for plaintiff.

CALVERT LITHOGRAPHING, ETC., CO. (FARMER v.). See Case No. 4,651.

CALVIN (UNITED STATES v.). See Case No. 14,711.

CALYPSO, The. See Case No. 11,506.

## Case No. 2,328.

CAMAC v. ALLWINE.

[1 Wash. C. C. 466.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

EJECTMENT OF TENANT FOR NON-PAYMENT OF RENT —REPOSSESSION—PROCEDURE.

1. After a judgment in ejectment, upon a covenant of re-entry for nonpayment of rent, and the plaintiff in ejectment having been put into possession by an habere facias possessionem, the defendant paid the amount of the debt and the costs, and obtained a rule to show cause why the possession should not be re-delivered.

2. The court refused to interfere in this summary way, but left the defendant to his remedy on the equity side of the court; particularly, as the parties did not agree as to the amount of the rent due.

The lessee of Mr. Camac obtained a judgment in ejectment, against Allwine, upon a covenant of re-entry in a lease, for nonpayment of rent, and was regularly put into possession, under an habere facias possessionem. Hallowell, some days before, paid into court, for his client, the tenant, all the arrears of rent which he said were due, with the costs; and obtained a rule to show cause, why the defendant should not have the possession restored. Gibson now showed cause, and insisted, that the defendant had no remedy, but in equity. He stated, as an additional reason against an interference in this summary way; that all the rent due had not been paid, and that the defendant, after possession delivered, had entered and violently pulled down some of the buildings. Hallowell admitted that in England, the courts do not relieve after possession delivered; that they do so after judgment. Under Stat. 44, 2, if rents be paid in six months after judgment, equity may relieve. He cited 2 Strange, 900; 8 Mod. 345; 6 Bac. Abr. 34.

THE COURT (PETERS, District Judge, absent) refused to interfere in a summary way; and said that the dispute, about what is due, would alone be conclusive, even if it were otherwise proper, to relieve in this way. Rule discharged.

CAMAC (BUSHBY v.). See Case No. 2,226.

CAMAC (FAIRCHILD v.). See Case No. 4,610.

## Case No. 2,329.

CAMAC et ux. v. FRANCIS.

[3 Wash. C. C. 108.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

COMMISSIONER'S REPORT ON ACCOUNTING — HEARING ON EXCEPTIONS—NEW EVIDENCE.

It is no reason, for referring accounts back to the commissioner, who made the report, that

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]